CLOSED

# U.S. District Court
## DISTRICT OF KANSAS (Fort Riley)
## CRIMINAL DOCKET FOR CASE #: <u>B:25–po–90114–BGS</u>–1

Case title: USA v. Slominski

Date Filed: 08/20/2025

Date Terminated: 03/11/2026

Assigned to: Magistrate Judge
Brooks G. Severson

### Defendant (1)

**Andrew Francis Slominski**
*TERMINATED: 03/11/2026*

represented by **Jorge Michael De Hoyos**
Pate & Paugh, LLS
310 W Central, Suite 108
Wichita, KS 67202
316–303–0100
Fax: 316–265–8263
Alternative Phone: 316–631–2537
Cell Phone: 316–631–2537
Email: jorged@patepaugh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Number: 27187*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:13, and K.S.A. 8–1567(a)(4) and (c) – DUI (Class B Misdemeanor) (INFORMATION FILED 8/20/2025) (1) | Sentenced to 1 year probation; $10 special assessment; $750 fine |

### Highest Offense Level (Opening)

Petty Offense

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

### Highest Offense Level (Terminated)

None

1

**Complaints**                                    **Disposition**

None

---

**Plaintiff**

**USA**                           represented by    **Christine Marie Ladner**
                                                    Fort Riley Office of the Staff Judge
                                                    Advocate
                                                    216 Custer Avenue, Rm 127
                                                    Fort Riley, KS 66442
                                                    785–239–6033
                                                    Alternative Phone: 316–734–6881
                                                    Cell Phone: 316–734–6881
                                                    Email: christine.m.ladner.civ@army.mil
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*
                                                    *Bar Number: 12414*
                                                    *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2025 | 1 | INFORMATION filed against Andrew Francis Slominski as to count 1. (jal) (Entered: 08/20/2025) |
| 08/20/2025 | 2 | **(NOTE: Access to document is restricted pursuant to the courts privacy policy.)** <br><br> VIOLATION NOTICE/TICKET – Case opened on Sworn Statement, as to Andrew Francis Slominski. (jal) (Entered: 08/20/2025) |
| 08/20/2025 | 3 | **NOTICE OF HEARING:** as to Defendant Andrew Francis Slominski. **Violation: DUI.** Initial Appearance set for 12/18/2025 at 09:00 AM in Fort Riley Courtroom before Magistrate Judge Brooks G. Severson. (jal) (Entered: 08/20/2025) |
| 12/02/2025 | 4 | ORAL UNOPPOSED MOTION to Continue Initial Appearance by Andrew Francis Slominski. (mmv) (Entered: 12/02/2025) |
| 12/02/2025 | 5 | ORDER granting unopposed 4 Motion to Continue as to Andrew Francis Slominski (1). Initial Appearance set for 12/16/2025 at 11:00 AM in Video Conference – Zoom before Magistrate Judge Brooks G. Severson. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mmv) (Entered: 12/02/2025) |
| 12/16/2025 | 6 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: RULE 5/INITIAL APPEARANCE / CHANGE OF PLEA HEARING as to Andrew Francis Slominski held on 12/16/2025. The government appeared by Christine Ladner. The defendant appeared in |

2

| | | |
|---|---|---|
| | | person and by counsel; Michael De Hoyos was appointed. The defendant was sworn and examined regarding financial status and was apprised of the charges and his rights. Due Process Protections Act advisement given. The defendant entered a plea of guilty to Count 1 of the Information. PSI ordered. Sentencing set for 3/16/2026 at 10:00 AM before Magistrate Judge Brooks G. Severson by Zoom. (Tape #12:15–12:25) (mam) (Entered: 12/16/2025) |
| 12/16/2025 | 7 | CJA 23 FINANCIAL AFFIDAVIT by Andrew Francis Slominski. (mam) (Entered: 12/16/2025) |
| 12/16/2025 | 8 | DEFENDANT INFORMATION SHEET as to Andrew Francis Slominski. (mam) (Entered: 12/16/2025) |
| 12/16/2025 | | ORDER as to Andrew Francis Slominski – Pursuant to the Due Process Protections Act, the government is reminded of its obligations pursuant to Brady v. Maryland and its progeny to disclose material that is favorable to the defendant and material to defendant's guilt or punishment. The failure to do so in a timely manner may include dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, or any other remedy that is just under the circumstances. Signed by (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mmv) (Entered: 12/16/2025) |
| 01/12/2026 | 9 | NOTICE OF RESET HEARING as to Defendant Andrew Francis Slominski: Sentencing RESET for 3/10/2026 at 01:30 PM via Zoom before Magistrate Judge Gwynne E. Birzer. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(als) (Entered: 01/12/2026) |
| 02/23/2026 | 10 | PRESENTENCE INVESTIGATION REPORT as to Andrew Francis Slominski<br><br>**(NOTE: Access to this document is restricted to the USA and this defendant.)**<br><br>(USPO) (Entered: 02/23/2026) |
| 03/10/2026 | 11 | MINUTE ENTRY of SENTENCING proceedings held 3/10/2026 before Magistrate Judge Gwynne E. Birzer as to defendant Andrew Francis Slominski: Defendant appeared in person and by counsel Jorge Michael De Hoyos. Government appeared by Christine Ladner. Sentenced to 1 year probation; $10 special assessment; $750 fine. Fine may be paid by monthly installments of $62.50/month. Defendant advised of right to appeal. (Tape #2:36 – 2:55 pm) (msb) (Entered: 03/11/2026) |
| 03/11/2026 | 12 | PETTY OFFENSE JUDGMENT as to defendant Andrew Francis Slominski (1): Count 1 – Sentenced to 12 months probation; $10 special assessment; $750 fine. Signed by Magistrate Judge Gwynne E. Birzer on 3/10/2026. (msb) (Entered: 03/11/2026) |
| 03/11/2026 | 13 | PERSONAL IDENTIFICATION ATTACHMENT as to defendant Andrew Francis Slominski: Re 12 Petty Offense Judgment |

|  |  | **(NOTE: Access to this document is restricted to the USA and this defendant.)** |
|  |  |  |
|  |  | (msb) (Entered: 03/11/2026) |
| 04/30/2026 | 14 | PROBATION JURISDICTION TRANSFERRED TO Western District of New York as to Andrew Francis Slominski. Transmitted Transfer of Jurisdiction form, with electronic copies of indictment, judgment and docket sheet. (ca) (Entered: 04/30/2026) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

VS.

ANDREW FRANCIS SLOMINSKI

CASE NO. 25-PO-90114-01-BGS

## INFORMATION

The United States Attorney charges that:

## COUNT 1

On or about April 23, 2025, at Fort Riley, Kansas, a federal military installation within the exclusive jurisdiction of the United States, in the District of Kansas, ANDREW FRANCIS SLOMINSKI did unlawfully operate or attempt to operate a motor vehicle while under the influence of any drug or combination of drugs to a degree that renders him incapable of safely driving a vehicle, and had one or more children under the age of 18 years in the vehicle at the time of the offense, in violation of Title 18, United States Code, Section 13, and K.S.A. 8-1567(a)(4) and (c). **(DUI) (Class B Misdemeanor)**

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

CHRISTINE M.T. LADNER
Special Assistant U.S. Attorney
Kansas Bar Number #12414
Office of the Staff Judge Advocate
216 Custer Avenue
Fort Riley, KS  66442
Telephone: (785) 239-6392
christine.m.ladner.civ@army.mil

The court has reviewed the documentation attached hereto, and finds probable cause for the issuance of a warrant or summons if required.

Filed      8/20/2025

_Brooks Severson_

HON BROOKS G. SEVERSON
U.S. Magistrate Judge

AO 245I    (Rev. 02/18 - D/KS 09/23) Judgment in a Criminal Case for a Petty Offense
Sheet 1

# United States District Court
## District of Kansas

UNITED STATES OF AMERICA

v.

ANDREW FRANCIS SLOMINSKI

**JUDGMENT IN A CRIMINAL CASE**
(For a Petty Offense)

Case Number: 1083 B:25-90114P – 001

USM Number: Pending

Defendant's Attorney: Jorge Michael De Hoyos

## THE DEFENDANT:

☒ **THE DEFENDANT** pleaded    ☒ guilty    ☐ nolo contendere to count <u>1 of the Information</u>.

☐ **THE DEFENDANT** was found guilty on count(s) ___.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| <u>18 U.S.C. § 13</u> | DRIVING UNDER THE INFLUENCE, a Class B Misdemeanor | 04/23/2025 | 1 |

The defendant is sentenced as provided in pages 1 through 6 of this judgment.

☐ The defendant was found not guilty on count(s) ___.

☐ Count(s) ___ is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:    8233

Defendant's Year of Birth:    1985

City and State of Defendant's Residence:

Churchville, New York

03/10/2026
Date of Imposition of Judgment

*Gwynne E. Birzer*
Signature of Judge

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
Name & Title of Judge

3/10/2026
Date

7

AO 245I   (Rev. 02/18 – D/RS 04/20) Judgment in a Criminal Case for a Petty Offense
Sheet 3 – Criminal Monetary Penalties

DEFENDANT:      Andrew Francis Slominski
CASE NUMBER:    1083 B:25-90114P – 001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $10 | $750 | Not Applicable |

☐      The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐      The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment. Irrespective of any payments by defendants that are ordered to be jointly and severally liable with this defendant, this defendant is liable for the full amount of restitution ordered until this defendant has paid that amount in full, or the victim's loss is repaid in full, whichever occurs first.  (NOTE: Include prioritization as needed in the right column below).

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

☐      Restitution amount ordered pursuant to plea agreement $___ .

☐      The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐      The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

     ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I    (Rev. 02/18 – D/KS 04/20) Judgment in a Criminal Case for a Petty Offense
Sheet 4 – Schedule of Payments

Judgment – Page **3** of **6**

DEFENDANT:    Andrew Francis Slominski
CASE NUMBER:    1083 B:25-90114P – 001

# SCHEDULE OF PAYMENTS

Criminal monetary penalties are due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if defendant is in full compliance with the payment schedule:

A    ☐    Lump sum payment of $___ due immediately, balance due
     ☐ not later than ___, or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☒    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C    ☐    Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of ___ years to commence ___ days after the date of this judgment; or

D    ☐    Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of ___ years, to commence ___ days after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties: The fine shall be satisfied in monthly installments of not less than $62.50 per month over a period of one year, to commence upon filing of the judgment.

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 204, 401 N. Market, Wichita, Kansas 67202, or electronically via Pay.gov by searching for 'KSD Criminal Debt Form'. Pay.gov has a maximum of $1,000.00 per transaction.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and corresponding payee, if appropriate.

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States. Payments against any money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United States Attorney, Attn: Asset Forfeiture Unit, 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I    (Rev. 02/18 – D/KS 04/20)   Judgment in a Criminal Case
Sheet 5 – Probation

DEFENDANT:      Andrew Francis Slominski
CASE NUMBER:    1083 B:25-90114P – 001

# PROBATION

The defendant is hereby sentenced to probation for a term of <u>12 months</u>.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, not to exceed eight (8) drug tests per month.

    ☐   The above drug testing condition is suspended based on the court's determination that you pose a low risk of future substance abuse. *(Check if applicable.)*

4.  ☐   You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

5.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (<u>34 U.S.C. § 20901</u>, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check if applicable.)*

6.  ☐   You must participate in an approved program for domestic violence. *(Check if applicable.)*

7.  ☐   You must make restitution in accordance with <u>18 U.S.C. §§ 2248</u>, <u>2259</u>, <u>2264</u>, <u>2327</u>, <u>3663</u>, <u>3663A</u>, and <u>3664</u>.  *(Check if applicable.)*

8.  You must pay the assessment imposed in accordance with <u>18 U.S.C. § 3013</u>.

9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I    (Rev. 02/18 - D/KS 04/20) Judgment in a Criminal Case
Sheet 5A – Probation

DEFENDANT:     Andrew Francis Slominski
CASE NUMBER:   1083 B:25-90114P – 001

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or Tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining court approval, require you to notify the person about the risk and you must comply with that instruction.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature  _____    Date   _____

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:      Andrew Francis Slominski
CASE NUMBER:   1083 B:25-90114P – 001

# SPECIAL CONDITIONS OF SUPERVISION

1.  You must participate in an approved program for mental health treatment, and follow the rules and regulations of that program, which may include psychological counseling. You must contribute toward the cost, to the extent you are financially able to do so.

2.  You must successfully participate in and successfully complete an approved program for substance abuse, which may include urine, breath, or sweat patch testing, and/or outpatient treatment, and share in the costs, based on the ability to pay, as directed by the Probation Office. You must abstain from the use and possession of alcohol and other intoxicants during the term of supervision.

3.  You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

ACKNOWLEDGMENT OF CONDITIONS:
I have read or have had read to me the conditions of supervision set forth in this judgment; and I fully understand them. I have been provided a copy of them. I understand upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

Defendant's Signature  _____   Date  _____

USPO Signature  _____   Date  _____

| D/KS Prob. 22<br>(Rev 06/13)<br><br>**TRANSFER OF JURISDICTION** | DOCKET NUMBER (Trans. Court)<br>PACTS# 10642393<br>1083 B:25-90114P-001 |
|---|---|
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER / SUPERVISED RELEASEE: | DISTRICT<br>District of Kansas | DIVISION |
|---|---|---|
| Andrew Francis Slominski<br>6 Prestwick Lane<br>Churchville, NY 14428 | NAME OF SENTENCING JUDGE<br>Honorable Gwynne E. Birzer | |
| | DATES OF PROBATION /<br>SUPERVISED RELEASE: | FROM<br>03/10/2026 | TO<br>03/09/2027 |

OFFENSE:

Traffic Offenses - Drunken Driving in violation of 18 U.S.C. § 13-7210, Class B Misdemeanor

JUSTIFICATION/REASON FOR TRANSFER:

Transfer of jurisdiction is advantageous for the person under supervision to be successful due to pro-social ties in the receiving district.

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

     IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the court to the United States District Court for the Western District of New York upon that court's order of acceptance of jurisdiction.

This court hereby expressly consents that the period of probation or supervised release may be changed by the district court to which this transfer is made without further inquiry of this court.*

| 4/22/2026 | *Gwynne E. Birzer* |
|---|---|
| Date | United States Magistrate Judge |

*This sentence may be deleted at the discretion of the transferring court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this court from and after the entry of this order.

| 4-28-24 | |
|---|---|
| Effective Date | United States District Judge |